UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| 13-50 RIVER ROAD CORP., d/b/a EMPRESS DINER,<br><br>*Plaintiff,*<br><br>v.<br><br>ANSAM COMMERCIAL KITCHEN AND VENTILATION SPECIALISTS, INC.,<br><br>*Defendant.* | Civil Action No. 16-710-JMV-JBC<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

**THIS MATTER** comes before the Court by way of the unopposed Motion for Class Certification filed by Plaintiff 13-50 River Road Corp., d/b/a Empress Diner. D.E. 4. The Court read Plaintiff's submission and considered the motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons set forth below, the Court will deny Plaintiff's motion without prejudice.

Plaintiff "filed this motion contemporaneously with its Class Action Complaint," and asks the Court to certify a class that is not yet ascertained and whose factual and legal claims are currently without support. D.E. 4 ¶ 1. Indeed, Plaintiff acknowledges that "additional discovery is necessary for the court to determine whether to certify the class Plaintiff seeks to represent." *Id.* As a result, the Court concludes that Plaintiff's motion is premature. A movant for class certification must affirmatively demonstrate compliance with each requirement of Fed. R. Civ. P. 23. *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 591 (3d Cir. 2012) ("The party seeking certification bears the burden of establishing each element of Rule 23 by a preponderance of the

evidence."). Further, when evaluating a motion for class certification a court "is obligated to probe behind the pleadings when necessary and conduct a 'rigorous analysis' in order to determine whether the Rule 23 certification requirements are satisfied." *Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015) (quoting *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013)). It is clear that there is insufficient evidence for Plaintiff to satisfy its burden under Fed. R. Civ. P. 23 or for the Court to conduct an appropriate analysis to determine whether a class should be certified. Consequently, Plaintiff's motion for class certification is denied without prejudice to be renewed following class discovery.

For these reasons and for good cause shown,

**IT IS** on the 16th day of June, 2016,

**ORDERED** that Plaintiff's Motion for Class Certification (D.E. 4) is **DENIED WITHOUT PREJUDICE.**

JOHN MICHAEL VAZQUEZ